on behalf of the Pellants. I'd like to reserve about 3 minutes. This case is, the IRS is required to, has the burden in this case to prove it, that it was reasonable, that his position was reasonable. And it has not done that. What about the question of whether your client is entitled to fees at all because he was didn't incur any because he was prostate? First of all, if Darrel Smith, the individual, was, as an attorney, representing the estate, the bankruptcy estate, the bankruptcy attorney did not abandon the asset in the estate because he was afraid that if he abandoned the asset that no one could prosecute the action. Therefore, it had to remain in the estate. So Smith, the trustee, didn't want to pursue the action himself. Smith, as an attorney, decided that he would pursue the action. And he was representing the estate. That's the only thing he could do at this stage because that's where the IRS, in fact, during one of the proceedings said only the estate could get a refund. Therefore, Smith can't get this. The only one person who can get this is the estate. The refund has been made, by the way, and it was refunded to the estate, not to Smith. And in addition, it is possible if it were abandoned to Smith, which it was not, then the pros say he could not get fees under the current law. However, there is a possibility, there's an argument now, it's only an argument, that he could even get fees then because now there's been a change in the law under, since Frisco was cited, in which it basically says that pro bono fees can be awarded. And since the legislative history on that basically indicates that it doesn't have to be for fees incurred because it's pro bono now, that basically the legislative history indicates either it So there's an argument that you could have even pro bono awards, but basically the law at this time, pro bono could not, but Smith was representing the estate. It's the only way it could have been. In fact, when the judge let the action go forward for the proceed, he said that Smith could represent the estate. And I have that in my brief, the quote from the judge, in which he says Smith can represent the estate. Well, did the estate incur any fees? When the judge said that Smith could go forward, he did not say he could. No, no. I mean, did the estate, was the estate obligated? I'm just trying to figure out what's happening. At this stage, the estate did not, has not paid any fees. And it has no outstanding obligation to pay any fees? At this stage, no. But it is possible for the estate to ask for the fees. They could go back into the bankruptcy court and ask that it be awarded, because by implication, the court, in essence, said that fees could be paid. That would be a possibility. On the other hand, even if you decided that the fees weren't incurred, under the law, pro bono fee awards are allowed. And that would be, this would be a pro bono case if they weren't allowed by the court. For, under the incurred part. If the estate did not have an obligation to pay, it would be pro bono fees. And that, there's a special provision regarding pro bono fees. That's a new provision? It's been there for, I would say, five or more years. But under the law which cites most of these fee awards, it wasn't there. Like in the first case which talks about pro se fees and stuff like that, that case was before the pro bono part of it. But, so you're suggesting that Corrigan is not, no longer a good law because you could get pro bono fees? Which law? Corrigan, which is the case held, holding that you can't get fees for pro se fees. You can't get paid for pro se. Oh, pro se, no. I don't think that that would apply. But you're saying that he may be pro bono for the estate as well. Right. Okay. Is there any different argument with respect to costs? As to what? Costs. Costs. Well, the only thing I was going to say in regards to costs, the IRS has a burden of proof in order to show that they were reasonable, that their position was reasonable. They really haven't provided any facts for that. Smith was the only one who testified in court, and therefore the only facts in this case are the facts of his testimony and the documents related thereto. You are Smith. Is that not right? Right. It's kind of difficult. So the only facts are those in this case, the ones that Mr. Smith testified to and the documents related thereto. The IRS did not call. It's only possible witness was Smith's wife that they had deposed. Now, the IRS raises the issue regarding the credibility of Smith in this. But it's more speculation. They provided no independent evidence regarding Smith's credibility. So if the IRS basically believes, did not believe Smith, they had an obligation to investigate and find evidence to basically add to the record. They did not do that. And as a consequence, the IRS does not have a reasonable basis for its position and therefore their position is unreasonable because they have no facts in the record. The IRS cannot basically ignore the facts in the record, which are those of Smith, and then try to justify an attempt to justify its position, unreasonable position, on the grounds that the Court's decision was based on an assessment of credibility. They're just raising the credibility issue and there's no basis for it. There are no facts for it. And as I say, they presented no facts in the Court. And therefore, they are not allowed to speculate on credibility issues that his testimony and the facts aren't there. They have to basically provide that a basis for their decision, and they have not done that, on the facts in the case. Okay. Thank you. May it please the Court. My opponent has given an inaccurate portrayal of who the party is in this case. Mr. Smith was the only plaintiff in this adversary proceeding. All the captions indicate that. If you look at the findings in fact of the defense. Well, the captions actually don't. I think he says individually and on behalf of the estate. Yeah, but plaintiff in the singular. If you look at the findings in fact. I'm sorry. I don't understand that. He's going to be a plaintiff in the singular on behalf of the estate. So that's what he claims to be. The question is you say he isn't and why not? Well, Your Honor, the facts show that the bankruptcy trustee refused to prosecute this refund claim because he didn't want to incur the cost, and he didn't want to incur the cost because all allowable claims of the estate had been paid, and therefore any refund that would be obtained would revert to Mr. Smith. If you look at the judgment of the. It would revert to Mr. Smith, but it was still the property of the estate, no? Technically, Your Honor. But the bankruptcy trustee refused. This is all very technical. The whole thing is technical. But the question is was Mr. Smith, was the bankruptcy estate a party to this proceeding because only a prevailing party who incurs fees or pays fees is entitled to an award. But why isn't it true that, technically speaking, even though the bankruptcy trustee didn't want to pursue it for the bankruptcy estate because he didn't need it for the bankruptcy estate, still, technically speaking, it was the property of the estate? It's not whether it's nominally the property. The question is whether the estate brought suit. Is a party that incurred fees. If you look at the first finding of fact of the bankruptcy court, it says Daryl Smith, and then in parentheses, plaintiff, in the singular, and refers throughout to the plaintiff, meaning Mr. Smith. And then if you look at the judgment, the judgment of the bankruptcy court separates the estate from the plaintiff because it says the estate is entitled to a refund to be paid to the plaintiff. So they had a refund. But if the estate's entitled to the refund, it's being paid to the plaintiff because there's no ---- the creditors have been paid in full, but it's still ---- I don't know. I find it ---- No. Wait a minute. The estate has ---- presumably there's a trustee that represents the estate. That's correct. And the trustee was not involved. The trustee did not want to bring suit because he knew there was no creditors to be paid. Because it wasn't going to go to the estate. If you look at the discussion on tab 18, page 5, the bankruptcy court ruled that Mr. Smith had standing to pursue this refund, although ordinarily he wouldn't have because the money belonged technically to the estate. But the bankruptcy judge said, first of all, the trustee has declined to pursue it because he doesn't want to incur the cost. And secondly, all the claims have been paid and any refund will belong to Mr. Smith. So the real party in interest here is Mr. Smith. Is Mr. Smith. Therefore, I rule the bankruptcy court that Mr. Smith may pursue this. Although nominally on behalf of the estate, the judgment makes clear that he's the real party of an interest, and the judgment says the refund is to be paid to him, even if it passed through the estate. But the bankruptcy was not concluded yet, right? All claims have been paid, according to the court. But the bankruptcy was not dismissed. It was still extant. I believe it was still alive, but the bankruptcy judge said all claims had long been paid and there was no administrative expenses or anything else. I would also point out that the district court characterized Mr. Smith's argument that the real plaintiff here was the bankruptcy estate as being disingenuous, pointing out that the bankruptcy court had already ruled that he was entitled to any refund and that he was acting on his own behalf. He was pursuing his own interest and not that of the estate or the creditors or anything. And secondly, even if you were to conclude that the bankruptcy estate was a party here, in order to get fees, the bankruptcy estate would have had to pay or incur fees. There's no ---- But what about the pro bono possibility? Well, pro bono would be if the bankruptcy estate retained Mr. Smith as an attorney to represent it and Mr. Smith agreed to do so on a pro bono basis, then this provision might have effect, assuming the government's position wasn't substantially justified. But the bankruptcy estate never retained Mr. Smith to represent it in any capacity. Mr. Smith has never claimed until this morning that he was acting on a pro bono basis for the estate. And, in fact, in order to appoint Mr. Smith under 11 U.S.C. 327, the trustee needed leave of the court to do so. It never sought such leave. And, moreover, had it sought such leave, the bankruptcy court would have been appointed by a trustee to represent the estate, and Mr. Smith was hardly disinterested. Do we still have to reach the question of whether the government's position was substantially justified in connection with the cost? No, Your Honor. No, Your Honor. Why? Because you have to pay or incur fees or costs. There's no indication, a pro se litigant under Corrigan, Mr. Smith, in his own right, has not paid or incurred any fees. No costs either? I don't see where he had any costs. He's asking for attorney's fees, the value of his time. I don't know what his costs would be, but he hasn't specified any in his brief. He sought to get attorney's fees, basically the value of his services. But in representing himself, he's not incurred or paid any fees, and he doesn't represent in a professional capacity the bankruptcy trustee because they never agreed to retain Mr. Smith, and he was not disinterested, and he couldn't have been appointed as attorney to represent the estate anyway. And Mr. Smith was the real party in interest, so he was pursuing this claim on his own behalf, not on behalf of the trustee, and it would be very anomalous to have a bankruptcy trustee who declines to pursue a claim because he doesn't want to incur the expenses, then be held liable because Mr. Smith, pursuing really his own refund claims, I'm really representing the estate. The estate is now indebted to me for the value of my services, creating a debt that the trustee specifically acted to avoid. He's not arguing that. He's not arguing that the estate owes him any money. He's arguing that the government owes money. That's the only way he could get an award. The bankruptcy estate has to have paid or incurred an obligation for legal fees. Mr. Smith is saying the bankruptcy estate is the real party. They're obligated to him, so the bankruptcy estate is entitled to be reimbursed. So he's creating this fictional liability in order to meet the eligibility requirements for an award. That would be that, A, the bankruptcy estate is a party, and, B, that it's indebted to him for the value of his services. Neither of which is true. They weren't able to do that. Kagan. Statutory language is reasonable fees paid or incurred for the services of attorneys. Right. And the estate did not retain Mr. Smith. He has no evidence that he did. And suppose another possibility is that he did proceed on behalf of the estate, but the estate didn't incur any fees. Well, that's true, too. If you want to assume that the estate is nominally a party, they didn't agree to his representation. They didn't agree to pay him anything. He certainly didn't agree to do anything pro bono. He's never even claimed that until this morning. That seems like a more accurate portrayal of what happened. Yes. They're not liable to him. And if they were liable to him, then this refund, which the bankruptcy court ordered paid to him because there's no claim, would have to go back to the bankruptcy court to pay. Well, he says actually it didn't happen that way. He says it was actually paid into the estate and then paid to him. Well, the IRS probably paid it automatically to the estate because they're the ones who paid the taxes. But the judgment of the bankruptcy court, which is what matters here, is that the bankruptcy court was required to pay it over to Mr. Smith. So it was just procedurally that it was paid to the estate, but the estate made no claim to it and the bankruptcy court had ruled before trial that all claims against the estate had been paid and, therefore, any refund would revert to Mr. Smith. So bottom line, Mr. Smith was representing himself here. He's pro se. He's not entitled to fees. Thank you. Thank you. When we had the hearing of whether the tax refund, a lawsuit should be prosecuted to get the refund, the Court decided, as I said earlier, that, and the trustee said, I don't want to do it. But the Court says, well, if we want to pursue this and there is a refund, and I had filed a summary judgment motion, basically, and or asked for a – in fact, I initially asked for an abandonment of the claim. And the trustee came in and said, you can't do that. The IRS came in and said, you can't do that, because only the IRS, only the estate can get the refund. It's only fair asset, period. So the judge says, okay, well, Smith is the remaining party in this. He has status to represent the estate, and he can. So by implication, he, in essence, said, I could incur any fees necessary. Can I ask a question? What did the – did the district court ever rule on this pro se question? The district court and the bankruptcy court had several hearings on whether the government was substantially justified, so they obviously thought that it mattered. Did they ever rule on this question of whether or not there were any fees available here anyway? They – the way the case came down was, this went up to the district court on the – Well, first the bankruptcy court had a rule on subsidiarity. Right. Right. They basically said there was no reasonable – that IRS was justified. But he didn't say you couldn't get fees because you're pro se. That wasn't a question. He just ruled. That was all he ruled. So he just said the IRS was reasonable. So I appealed and said, no, they're not. And he said he gave no explanation. And so they sent it back down. And then when they sent it back down, the bankruptcy court had a hearing. He sent it back down only on one basis. Was the IRS substantially justified? That was the only issue to be heard by the bankruptcy court. So that was the issue before, so that's what the bankruptcy court ruled on. The IRS says that's all I can rule on. I'm not ruling on anything else. The IRS raised the issue. They've raised the issue at every stage. Then it went up to the district court again. And they basically said, I agree with the bankruptcy court that the IRS was reasonable in essence, except for one issue. And that's – so the real – this whole thing is a very limited issue. They never – the trial court, the bankruptcy court, in turn, never addressed the issue, whether or not – Well, one last question. If you were operating on behalf of the estate, still, why did the estate incur any fees? Because you didn't charge the estate and you never said you were going to charge the estate, and the estate was refusing to pay. In fact, the estate certainly wanted to pay you. No. I think the – first of all, I think that the estate is obligated to pursue any assets it has, and if there's any excess in Chapter 7, it does go to me. No, it isn't obligated to pursue any assets. So they had an obligation. They saw this. The judge felt there was a reasonable possibility that the tax case was there. In fact, I got a 100 percent refund. That's how reasonable it was. So I did a service for the estate to get the money. And if you look at the cases regarding – But why did the estate incur any fees is what I want to know. Okay. Well, when the – You didn't have any – the estate says we're not paying to do this. Right. Do it on your own. Go ahead. You said, all right, I'm going to do it on my own. You never entered into any agreement with the estate that they would pay you, and we know they wouldn't have. So how did the estate incur any fees? Okay. When the Bankruptcy Court authorized me to proceed on behalf of the estate, because that's the way it had to be done, I think by implication he said you can incur fees. Okay. We understand that's your position. Thank you. The case just argued is submitted for decision. We'll hear the next case, Olmstead v. Dell. Okay.
judges: Strom, Schroeder, Berzon